# Fore *v.* Hibbard.

## *Detinue for Furniture of Drug Store.*

1. *Parol evidence ; when admissible to show meaning of words in mortgage, or identify things conveyed.*—When a mortgage conveys "the following described real estate, with the buildings thereon known as the drug-store, and all the fixtures *and furniture* thereto pertaining, or in any wise belonging ;" and it is shown to have been given, on the dissolution of a partnership between the mortgagor and mortgagee in carrying on a drug-store, to secure the payment of the agreed price for the mortgagee's interest in the property and business ; the word *furniture* being interlined before signature, on objection by the mortgagee to the use of the word *fixtures* alone; although oral evidence is not admissible to show what the parties agreed should be included in the word furniture, it should be received to identify the articles which did in fact constitute the furniture of the building, and were used by the parties in carrying on their said business therein.

APPEAL from the Circuit Court of Monroe.

Tried before the Hon. JOHN K. HENRY.

This action was brought by J. F. Fore, against B. L. Hibbard, to recover "three walnut show-cases, one walnut office-chair, one soda-fount, and syrup bottles and glasses belonging thereto," and numerous other articles, together with damages for their detention ; and was commenced on the 20th December, 1875. The defendant pleaded *non detinet*, and a special plea denying the plaintiff's ownership of the articles sued for ; and issue seems to have been joined on both of these pleas. The plaintiff claimed the articles under a mortgage executed to him by the defendant; and the principal question in the case was, whether they were included in the mortgage. The material facts were thus stated in the opinion of the court, as delivered by MANNING, J.:

"By the mortgage under which the question in this case arises, Hibbard, the defendant below, sold and conveyed to plaintiff, Fore, 'the following described *real estate*, to-wit, lot No. 15, in the plan of the town of Monroeville, . . . . .

[Fore v. Hibbard.]

containing a half-acre, with the buildings thereon, known as the drug-store, and all the fixtures *and furniture* thereto pertaining, or in any wise belonging;' and in a subsequent part of the instrument, the mortgagor says: 'If I fail to pay said note, in part or in full, then the said J. F. Fore is hereby authorized to take possession of said land, *fixtures, &c.,* above described.' The parties had been partners in carrying on the business of druggists and grocers, in the building referred to; and the note mentioned, and mortgage, were given upon the purchase by Hibbard of Fore's interest in the business and property of the partnership, in August, 1873. The words *'furniture'* and *'fixtures &c.,'* where these latter subsequently occur, upon objection made to the terms of the mortgage, before its execution, were interlined by consent, before it was signed; and the things sued for are claimed as being of the 'furniture' (chiefly of the drug-store) mentioned in the mortgage.

"Plaintiff's attorney proposed to prove, 'that the word *furniture* was intended to cover the furniture used in carrying on the business of the drug-store and grocery,' and to that end, he asked a witness (plaintiff himself) the following questions: 'Was there any understanding between you and Hibbard, the mortgagor, as to what property was to be included and covered by the word *furniture,* previous to its execution?' 'What was the cause of the interlineation of that word?' 'What was then said as to the intention and meaning of the words' interlined? 'Why was the interlineation in the mortgage made?' All of which questions were severally ruled out, against the objection and exceptions of plaintiff; and the judge, at the instance of defendant, told witness, 'that he must not make any answer as to the meaning of the language of the mortgage, or which would vary the meaning of the words thereof; to which plaintiff excepted.' Defendant, by cross-examination, proved that the show-cases, scales, jars, and other things sued for, were not attached or fastened to the realty; and plaintiff offered evidence, which was excluded, 'tending to show that the articles sued for were properly termed *furniture* of a drug and grocery business.' The judge, among other things, in his charge to the jury, told them, that the mortgage 'did not convey such furniture or property as belonged or appertained to the drug or grocery business, as such, and not attached to or in any wise pertaining or belonging to the building: which also was excepted to. These several rulings are now assigned as error."

J. W. POSEY, for the appellant, cited Halstead's Law of

[Fore v. Hibbard.]

Evidence, vol. 1, p. 210; *Doe v. Jackson*, 1 Sm. & Mar. 494; 16 Barbour, 89; 1 Greenl. Ev. §§ 277-8, 288-9; *Cowles v. Garrett*, 30 Ala. 347; *Taliaferro v. Brown*, 11 Ala. 706; *Hughes v. Wilkinson*, 35 Ala. 462; *Mobile M. D. Co. v. McMillan*, 27 Ala. 98; *Jenkins v. Cooper*, 50 Ala. 419.

J. M. WHITEHEAD, and C. J. TORREY, *contra*, cited *Thorpe v. Sughi*, 33 Ala. 330; *Barlow v. Lambert*, 28 Ala. 704; *Moody v. McCown*, 39 Ala. 586; and cases cited in Brickell's Digest, vol. 1, pp. 865-6, §§ 866, 867, 868, 870, 888, 898: *Ib.* 868, §§ 911-16.

MANNING, J. [After stating the facts as above.]—It is evident that the circuit judge acted under the conviction that nothing but real estate and fixtures thereof were conveyed by the mortgage; and that no unattached personal chattels could pass under the general description *furniture*, as contained in this mortgage. In this we think he erred.

It often happens that extrinsic circumstances are of value in elucidating the true meaning of a contract. "The court and jury, in interpreting what the writer meant, must put themselves, as far as evidence can enable them to do so, in his position," or, rather, in the position of the parties. 2 Whart. on Ev. 940, and authorities cited in note 2. Hence, it was properly shown in this case, by oral evidence, that Fore and Hibbard were partners in the drug and grocery business; that one had sold out his interest therein to the other; that the building which was on the lot mortgaged, was the house in which they were carrying on that business; and that after the mortgage had been written, it was amended by interlining the word "furniture," after *fixtures*, where this latter word first occurred, and the word and abbreviation, "fixtures &c."; which shows that, without them, the instrument was considered defective.

Now, why was the word *furniture* added? If it was intended to mean, as the circuit judge seems to have understood, nothing more than the word "fixtures" imported, it is wholly superfluous. That was expressed already. And we do not usually understand realty, or things appurtenant thereto, as coming under the denomination of *furniture*. The word relates, ordinarily, to moveable personal chattels. It is very general both in meaning and application; and its meaning changes, so as to take the color of, or be in accord with, the subject to which it is applied. Thus, we hear of the furniture of a parlor, of a bed-chamber, of a kitchen, of shops of various kinds, of a ship, of a horse, of a plantation,

[Fore v. Hibbard.]

&c. The articles, utensils, implements, used in these various connections, as also those used in a drug or other store, as the furniture thereof, differ in kinds according to the purposes which they are intended to subserve; yet, being put and employed in their several places as the equipment thereof, for ornament, or to promote comfort, or to facilitate the business therein done, and being kept, or intended to be kept, for those or some or one of those purposes, they pertain to such places respectively, and collectively constitute the *furniture* thereof.

It follows, that when any of the things, which together constitute the furniture of a place, are sued for in the action of detinue, the contract or writing, in which they are described by that general term only, will not, ordinarily, be sufficient evidence by itself to enable plaintiff to recover. The praticulars must be shown, and identity proved by oral evidence; just as if a man, by his will, were to devise the quarter-section of land on which he was living, oral testimony must be introduced to identify the parcel. In such a case, as has been said before in this court, "It is the instrument which operates: the oral evidence does no more than assist its operation, by pointing out and connecting it with the proper subject-matter. . . . It points out the precise object to which the instrument is applicable."—*Paysant v. Ware*, 1 Ala. 165. And in another case, this court said: "Where a written contract, although complete in itself, contains a term which it is impossible for the court to construe without the aid of evidence *aliunde*, it is proper to resort to such evidence for that purpose."—*Cowles v. Garrett's Adm'r*, 30 Ala. 341.

The plaintiff should have been permitted to prove, not what the parties orally agreed should be included in the word furniture, but the things that did in fact constitute the furniture of the building mortgaged, in the use to which it was put of a drug and grocery store.

Let the judgment of the Circuit Court be reversed, and the cause be remanded.