(Decided 11th March, 1880.)

---

## MARX WINELAND *vs.* THE SECURITY INSURANCE COMPANY OF NEW HAVEN, CONNECTICUT.

*Construction of the Conditions of a Policy of Fire Insurance.*

On the 6th February, 1874, the plaintiff took from the defendant for one year a fire insurance policy for $2000, $1000 on a frame building and a frame warehouse, and a like sum on his stock of merchandise. It was part and conditions of the policy, that if the insured should not be the sole, absolute and unconditional owner of the property insured, and that if the property insured should be a building, and the insured should not be the sole, absolute and unconditional owner of the land on which said building should stand by a title in fee simple, and if in such cases such facts should not be expressed in the written portion of the policy, then it should be void. Such facts were not stated as required. It was admitted, that the plaintiff's uncle, being seized in fee of the frame building and lot appurtenant, about December, 1867, made a verbal gift thereof to the plaintiff, and at the same time promised to make to

the plaintiff a deed in fee of the same, at the request of the plaintiff; and that thereupon the plaintiff took possession of the lot and building and occupied them as the owner, until the building was destroyed by fire on the 5th September, 1874, that he had the lot transferred to him on the assessors' books, and that he paid the taxes on the property since 1867, and kept it in repair, and in 1873, improved it by an addition to the frame building, and by building the frame warehouse on the rear of the lot; and that on the 21st January, 1875, the plaintiff's uncle, in fulfillment of his promise, made to the plaintiff a deed in fee of the lot and appurtenances, for the consideration of natural love and affection, and the nominal sum of five dollars. In an action to recover the amount for which the two buildings were alleged to be insured, it was HELD:

That these facts did not establish such title in the plaintiff as was required by the conditions of the policy, and he could not recover·

APPEAL from the Court of Common Pleas.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., GRASON, MILLER, ALVEY and IRVING, J.

*Theos. B. Horwitz*, for the appellant.

It is contended by the appellant :

1. That he had an insurable interest in the buildings at the time the policy was issued, and at the time the buildings were destroyed by the fire, within the meaning of the conditions referred to in the appellee's fourth and fifth pleas. There were no conditions attached to the gift. The appellant is the only person who could possibly suffer any loss by the destruction of the property. The appellant was, at the time the policy was issued, and at the time the buildings therein named were destroyed by the fire, the absolute and unconditional owner thereof, and of the land covered thereby, within the intent and meaning of the conditions. *Washington Fire Ins. Co., et al. vs. Kelley*, 32 *Md.*, 446 *to* 452; *Hough vs. City Fire Ins. Co.*, 29

*Conn.,* 18, 19, 20, 21; *Swift & Pratt vs. Vermont Fire Ins. Co.,* 18 *Vt.,* 313; *Rockford Ins. Co. vs. Nelson,* 65 *Ill.,* 420.

2. The deed in fee simple of the lot of ground and appurtenances, executed after the fire, from Goodman to the appellant, retroacted, and the appellant thereby became the owner in fee of the lot of ground and the two story frame building, from the time the verbal gift and promise were made. *Wagner & Marshall vs. Cohen,* 6 *Gill,* 102.

3. It could not have been the intention of the appellee in inserting in its policies the clause in question, that it should apply to such of the insured as acted in good faith, and where there were no written proposals made by them, nor any specific enquiry made by it as to the title or interest of the insured, otherwise such a clause would be a mere trap. There can be no doubt that in obtaining the policy, the appellant acted in perfect good faith. The amount expended by him in making the improvements, exceeds the insurance upon the buildings covered by the policy. The appellee can have no reasonable ground for complaint in the fact, that, by its *own neglect,* the appellant's interest is " not expressed in the written portion of said policy;" especially, as the entire loss by the fire, if not recovered of the appellee, would fall on the appellant. *Washington Fire Ins. Co., et al. vs. Kelley,* 32 *Md.,* 447; *Hough vs. City Fire Ins. Co.,* 29 *Conn.,* 21; *Locke vs. N. American Ins. Co.,* 13 *Mass.,* 68; *Strong vs. Man'g Ins. Co.,* 10 *Pick.,* 45.

4. The appellant was the owner of the equitable fee simple in the property and within the intent and meaning of the conditions, the absolute owner of and had an insurable interest in the buildings at the time the appellee issued to him the policy, and at the time the buildings were destroyed by fire. *Hardesty vs. Richardson,* 44 *Md.,* 624; *Washington Fire Ins. Co., et al. vs. Kelley,* 32 *Md.,* 451.

*S. T. Wallis, Jr.* and *John H. Thomas*, for the appellee.

1. The policy never took effect at all, for Wineland's title, if any, was not that of "a sole, unconditional owner by a title in fee simple" within the meaning of the conditions referred to, and what his real title was, was never made known to the company. The object of the conditions was to afford the company an opportunity of knowing what kind of title the insured had in the premises, and who held it, in order that it might judge whether it was expedient to issue its policy at all, as well as to advise it of all risks it might be exposed to, by temptations which might arise from small interest and large insurance. It was no answer to defendant's plea to say that the plaintiff had title by a parol gift and a promise to convey. Such ownership could not comply with the conditions of the policy, and the failure of the assured to set forth in the policy the true state of his title, whether from mistake or design, must release the company from all liability. *Reynolds vs. State Mutual Ins. Co.,* 2 *Grant's (Pa.) Cases,* 326; *Citz. Fire Ins. Co. vs. Doll,* 35 *Md.,* 108; *Mutual Ins. Co. vs. Mahon,* 5 *Call, (Va.)* 517; *Flanders on F. Insurance,* 292 *et seq.* and notes, and 277, notes; *Columbian Ins. Co. vs. Lawrence,* 2 *Peters,* 25; *Carpenter vs. Washington Ins. Co.,* 16 *Peters,* 495.

2. The plaintiff never did, during the continuance of the policy, hold a fee simple title to the property in question. He held, if any at all, a mere equitable estate to be converted, possibly, into a fee in the future. The seizin was not in him, but in his uncle. The conditions do not admit of two constructions. They require the assured to state what his title was, if less than that of an *absolute owner in fee simple,* and a fee simple can only be an estate "to him and his heirs forever, *generally and absolutely,* over which he has absolute dominion and control, and of which he is seized *in dominico suo,* in his own demesne."

That the plaintiff had such an estate cannot, it is be-
lieved, be maintained, and he cannot hold the defendant
to its part of the agreement, and repudiate all obligation
under his own part of it. *Pierce vs. Empire Ins. Co.*, 62
*Barb.*, 636 *and* 646; *Leathers vs. Ins. Co.*, 4 *Foster*, (*N.
H.*) 259; *Wilson vs. Howard Ins. Co.*, 14 *Barb.*, 383; *Wash.
F. I. Co. and Atlantic F. I. Co. vs. Kelly*, 32 *Md.*, 439.

3. The agreement of the parties precludes all inquiry
as to whether the plaintiff had any insurable interest
other than that of a fee simple owner, or as to whether
the fact of his not being an absolute fee simple proprietor,
as required by the condition, was material or immaterial
to the risk. The company, by making a true statement
of the condition of the title, a specific condition precedent
to the issuing of the policy, declared that the same was
deemed by it material; and for the purposes of this con-
tract such statement must be deemed to be material; and
the plaintiff having accepted these terms, cannot now be
heard to the contrary. *Birmingham vs. Empire Ins. Co.*,
42 *Barb.*, 459; *Burrit vs. Saratoga Mut. F. I. Co.*, 5 *Hill*
(*N. Y.*) 188; *Davenport vs. New England Mut. F. I. Co.*,
6 *Cush.*, 340; *Hutchins vs. Cleveland Mut. F. I. Co.*, 11 *Ohio
St.*, 480; *Brown vs. People's Mut. Ins. Co.* 11 *Cushing*, 280
*and* 282.

IRVING, J., delivered the opinion of the Court.

On the sixth of February, 1874, the appellant took
from the appellee a fire insurance policy for two thousand
dollars, one thousand on two houses, and a like sum on
his stock of merchandise. The policy was an insurance
from fire for one year. Within the year, to wit, on the 5th
September, 1874, the property insured was consumed by
fire, and the appellant sued the appellee for the one
thousand dollars for which the houses were insured. The
defendant pleaded, never indebted, never promised, and
that the property described in the policy of insurance was

Wineland *vs.* The Security Ins. Co.

not the property of the plaintiff at the time the same was insured.

To the first and second pleas the plaintiff tendered issue, and to the third plea he replied that the property was his property when the same was insured, and though the property had not been conveyed to him at the time the same was insured, he was in truth the owner and had an insurable interest at the time of the insurance. With leave of the Court the defendant filed two additional pleas, and to the replication thereto, defendant demurred, and the sole question for our decision is thereby raised. By these additional pleas the defendant sets out certain provisions of the policy, which the plaintiff's replication by its form admits, so that the whole question turns upon the effect of the provision in the policy thus set up in bar of the suit. The additional pleas are as follows:

" The defendant for a fourth plea says, that it was a part and condition of the policy of insurance, in the declaration mentioned, that if the insured should not be the sole, absolute and unconditional owner of the property insured, if in such case the fact that he was not such owner should not be expressed in the written portion of said policy, the same should be void. And the defendant says that the plaintiff was not the sole, absolute and unconditional owner of the two story frame building, and frame warehouse in the rear thereof, in said declaration described, or any part thereof at the time of taking out such policy, and that the facts of his not being such owner, was not expressed in the written portion of said policy, by reason whereof the said policy was void, and the plaintiff cannot maintain this action.

"And for a fifth plea, the defendant says, that it was a part and condition of said policy, that if the property insured should be a building, and the insured should not be the sole, absolute and unconditional owner of the land on which said building should stand by *a title in fee sim-*

*ple,* and if in such case such fact should not be expressed in the written portion of the policy, then said policy should be void." Then follows an allegation that he was not such owner, and that such fact was not stated in the written portion of the policy, in the words of the fourth plea. The plaintiff replied specially as follows: "The plaintiff, as to the defendant's fourth and fifth pleas, says that his uncle, Philip Goodman, being at the time seized in fee of the two story frame building described in said policy, and of the lot of ground covered thereby and appurtenant to the same, did about the month of December, 1867, make a verbal gift thereof to the plaintiff, and that said Goodman promised at the time that he made said verbal gift, to make the plaintiff a deed in fee of the said lot of ground, and said building, at any time thereafter that the plaintiff might request said Goodman to make such deed, and that on the faith of said verbal gift, and of said promise, the plaintiff took possession of said lot of ground, and the said building, and occupied the same as the owner thereof, until the said building was destroyed by fire on the 5th day of September, 1874, and that he had said lot of ground transferred to him on the assessors' books for Allegany County, Maryland, and that the plaintiff has ever since said verbal gift was so made to him, paid the taxes on said lot of ground, and on said building, and kept the same in repair until the same was destroyed by fire; and the plaintiff further says that upon faith of said gift and of said promise, he afterwards, to wit, in the year 1873, built an addition to said two story frame building, for which addition he paid about thirteen hundred dollars, and erected, on the rear of said lot, the frame warehouse named in said policy, for which he paid about three hundred dollars, which he also occupied as a country store until said buildings were destroyed by fire; and the said plaintiff further saith that in fulfillment of said promise the said Goodman did, on the 21st day of January, 1875, make to the plain-

tiff a deed in fee of said lot of ground, and the appurtenances thereto for the consideration of natural love and affection, and the nominal sum of five dollars. Whereupon the plaintiff says that the said policy is not void as alleged in said fourth and fifth pleas, and can be maintained."

To this replication the defendant demurred, and the question for us is, do these facts thus set forth in this replication establish such title in the appellant as is required by the conditions of the policy set out in the fourth and fifth pleas. The appellee's counsel, in addition to his argument upon the construction of the conditions of the policy, and their effect upon the appellee's rights, contended also that the appellant's replication, to the fourth and fifth pleas of the appellee, was bad for the technical reason that it did not directly traverse the allegations of the pleas, and that the demurrer was properly sustained for that reason also. It is not necessary, in our view, to pass on that question, and we do not consider it. Conceding the facts relied on to be well and sufficiently pleaded, without so deciding, we do not think they establish in the plaintiff such a right in, or title to, the land on which the house stood, and as a consequence to the houses on it, as was contemplated by the condition of the policy, and as its language by proper construction requires the appellant to have. The widest possible difference exists in land, between interest and title, and it is that distinction which this case requires us to regard. The question before us is not whether the appellant had an insurable interest in the buildings insured; but whether, by the terms of the contract into which he entered, he had that kind of interest, to wit: *title, in fee,* to the land on which the house stood, which the policy stipulates he shall have, or the contract should be void. We have nothing to do with the question whether the condition inserted was equitable or not; nor need we conjecture motives on

the part of the insurance company for the introduction into the policy of such a clause. It is there, as a part of the contract into which the insured entered, and he must be bound by its legitimate meaning. This Court said in the *Washington Fire Insurance Company Case*, 32 *Md.*, 447, such clauses, as this is, "are not to be practically ignored, or to be construed most strongly against the underwriter," but they "are parts of the contract binding on both parties, and are to be construed by the same rules as other contracts." "The law requires the Court to assume° that the parties understand the contract they make," and this Court cannot regard the hardship it may seem to work, by supposing that the party accepting the policy did not understand it in the technical sense in which the language constrains us to say it is to be understood. That the facts set out in the plaintiff's replication to the fourth and fifth pleas of the defendant do not make out the plaintiff to be "the sole and absolute owner of the land on which the building should stand, by a *title* in fee simple" is too plain for discussion. If the policy contained no clause save that set out in the fourth plea we might find more difficulty to distinguish it from the case of *Washington Fire Insurance Co.*, in 32 *Md.*, and the other cases cited by the appellant's counsel and relied upon ; but when the language of the first condition is followed by the broad and explicit phrases of the condition set out in the fifth plea, we have no difficulty in saying this case differs essentially from that case in 32 *Md.*, upon which we have no disposition to infringe. By this clause it is provided that the insured shall have, not an *interest*,—but *title*. He is to have an "unconditional" title—a "*title in fee simple.*" This Court said in the case in 32 *Md.*, that when the word "unconditional" was used with reference to an estate in lands "it meant not subject to, or defeasable upon any condition." The Court said this in that case to show the difference of its meaning in that connection, and when used with refer-

ence to property generally, or personal property in particular, as was the case then under consideration.

Conceding that the facts set up by the plaintiff constituted a contract, which as against his uncle he could have enforced or get redress for, which we do not decide, still it is clear that they did not give him a *title* in fee, either at law or in equity, which was "*unconditional*" and "indefeasible." Too many contingencies suggest themselves to a legal mind, as possible to occur, the happening of which would wholly defeat the plaintiff's title, whatever it was, to make it necessary to consider that as part of the question further. This policy by the condition under discussion, excludes the idea that a merely equitable interest was being demanded. It most explicitly requires the interest in the land held by the insured, should be an absolute and *unconditional fee simple*, or if such *title* was not enjoyed, and the fact was not stated in the policy, it was to be void. The demurrer admits it was not stated in the policy, and the only question is, was that fatal to the policy, and the plaintiff's claim.

In *Flanders on Fire Insurance*, (*2nd Ed.,*) 321, *sec.* 12, it is laid down, that " when a representation is stipulated for as part of the contract, it must be complied with, because it is a part of the contract. And in such case, the assured's statement as to his title is material, no matter whether the insurer has a lien for the security of the premium, and deposit notes or not."

In the case of *Pierce vs. Empire Insurance Co.*, 62 *Barbour*, 645, it was part of the condition of the policy, that the applicant should specify "the nature of the applicant's title, if less than a fee simple," and it was further provided, " that any misstatement or concealment in relation to any of the foregoing requirements, &c., shall render the insurance void, the validity of the policy being based thereon." The applicant said she was the owner of the premises, and there was no encumbrance thereon. She

was not the owner of the fee. The Court held that as she disclosed no inferior interest, the underwriter was justified in supposing she had a fee, which was not true, and that it avoided the policy.

The same principle is maintained in *Birmingham vs. Empire Fire Ins. Co.*, 42 *Barbour*, 459. The Court in that case say "the statement respecting the nature of the plaintiff's title is warranty, and being untrue the policy did not take effect."

*Reynolds vs. the State Mutual Insurance Co.*, 2 *Grant*, 329, and *Leathers vs. Farmers' Mutual Fire Insurance Co.*, 4 *Foster*, (*N. H.*,) 261, are authorities to the same effect. The appellant having failed to comply with the condition of the policy, which stipulated for the disclosure of his exact title, if it did not rise to a fee simple, and the appellee having granted the policy on the warranted supposition, that the plaintiff had a fee simple title, it will not do to hold the appellee to his liability, by releasing the appellant from his obligation to disclose his true estate. The appellant cited *Rockford Ins. Co. vs. Nelson*, 65 *Ills.*, 420, as exactly in point. It is true that case was one in which there was a verbal gift, as in the case here; but there was no condition in that case requiring the disclosure of exact title if less than a fee simple, and making the neglect to so disclose avoid the policy, so that there the only question was, had the policy holder an insurable interest. It is not, therefore, a guide in this case. We need not review the other cases relied on by the appellant's counsel, as they are materially unlike this case, and only raised the question of insurable interest *vel non*, which is not the question here.

The judgment will be affirmed.

*Judgment affirmed with costs.*

(Decided 11th March, 1880.)