# Commercial Fire Ins. Co. *v.* Allen *et al.*

*Action on Insurance Policy for Loss by Fire.*

1. *Representation as to interest of insured in property.*—The erection of a party wall, by agreement between the insured and the vendee of the adjoining premises, running up two stories high on the wall of the insured property, does not show that the interest of the insured in his property is "other than the entire, unconditional, and sole ownership," as stated in answer to questions; especially when the agent of the insurer, through whom the policy was effected, lived in the town where the property was situated, and must have known its condition.

2. *Agency in procuring policy.*—An agent of the insurance company, through whom a policy is effected, can not be considered in any sense as the agent of the insured, in any matter connected with the issuing of the policy.

3. *Waiver of proof of loss and notice.*—When the insurance company, on being notified of a loss, at once offers to pay a specific sum, denying liability for some of the articles as not being covered by the policy, this is a waiver of the preliminary proof of loss, and authorizes the insured to sue at once, without waiting for the lapse of sixty days provided for in the policy.

4. *Construction of policy as to fixtures included or excepted.*—A policy insuring a brick store against fire, containing an exception of "fences and other yard fixtures, side-walks, store furniture and fixtures," covers a wooden shed or awning in front of the building, supported on pillars sunk in the ground, with rafters extending into the brick wall; but the shelving in the house, and an office enclosed with railing in

[Commercial Fire Ins. Co. v. Allen et al.]

one corner of the interior, are "store fixtures" within the meaning of the exception.

5. *Same ; clause providing for repairs.*—When the policy contains a clause giving the insured the option to repair within a reasonable time, and he claims the benefit of it, this is not a full defense to an action on the policy, unless by the repairs the property is made as serviceable and valuable as before the fire.

6. *Same ; measure of damages.*—When the policy provides that the cash value of the property destroyed or damaged shall not exceed what would be the cost to the assured of replacing it, and, in case of depreciation from use or otherwise, a suitable deduction shall be made from the cost of repairing ; the measure of damages would be the cost of repairs. if thereby the property is rendered as valuable as it was before ; if less valuable than before, then the difference must be added to the cost ; and if more valuable, it must be deducted.

7. *Tender.*—A tender of less than the amount claimed, conditioned on a receipt in full being signed, and not accompanied by the payment of the money into court (Code, § 2997), is not good.

8. *Argument of counsel ; objectionable language.*—In his argument to the jury, counsel has no right to refer to or comment on facts, or assumed facts, as to which there is no evidence before the jury ; as by referring to the character of plaintiff's ancestors, or characterizing the defendants as a soulless corporation ; and the use of such language being duly objected and excepted to, is a reversible error.

APPEAL from Limestone Circuit Court.

Tried before the Hon. H. C. SPEAKE.

This action was brought by Benj. L. Allen, Maria Allen, and James W. Allen against the Commercial Fire Insurance Company, of Montgomery, Ala., to recover the damages alleged to have been sustained by the plaintiffs by fire upon a brick store house in the town of Athens, and against which said damage they claimed to be insured by the defendant. The contention was as to the scope of the stipulations in the policy issued by the defendant—whether it covered an awning in front of the building and the shelving therein—which were damaged by fire. The defendant pleaded : 1. Non assumpsit. 2. That the suit was prematurely brought and before any right of action had accrued to plaintiffs upon the policy sued on. 3. That suit was brought before preliminary proof of loss, as stipulated in the policy. 4. That suit was brought before notice of loss was given to defendant, as required by the policy. 5. Tender. 6. Limitation of one year provided by the policy. 7. Breach of warranty. 8. Misrepresentation. Upon motion of plaintiffs the 2d, 3d, and 4th pleas were stricken from the file on the ground, that they were united with pleas in bar. Issue was taken on the remaining pleas, resulting in a verdict for the plaintiffs for $327.37½. On the trial of the cause, the plaintiffs introduced in evidence the policy issued by the defendant, (the clauses therein, upon which contention arose, being set out in the opinion of the court), oral testimony in regard to the fact and circumstances of the fire, and the character

[Commercial Fire Ins. Co. v. Allen et al.]

and position of the awning, &c.   To show a waiver by the defendant of· proof of loss by injury to the awning and shelving of assured's store, evidence was offered of a telegram from defendant, and conversations with defendant's agent, denying all liability of defendant for said loss.   The defendant offered in evidence the original summons and complaint to show when the suit was brought, the application for insurance, with the questions therein answered by the assured, and evidence of the estimated damage to the insured building.   The defendant objected, and the court declined to interfere, and permitted plaintiffs' counsel in his concluding argument to say to the jury, "that the ancestry (naming them) of plaintiffs were well known to counsel, and to every one else who had lived in the community with them ; that their honor, integrity, honesty and truthfulness, and that of their descendants, had never been called in question until this soulless corporation, defendant in this case, had charged one of their descendants, Ben. Lee Allen, with falsehood, fraud and misrepresentation in procuring the policy of insurance in this case."   A great number of charges were asked, but as the material rulings are noticed in the opinion of the court it is considered unnecessary to review them.   There were sixty-four assignments of error, which the elaborate review of the whole case by this court renders it unnecessary to enumerate.

Humes, Gordon & Sheffey, for appellants.—1. The court erred in striking out pleas two, three and four, (that suit was prematurely brought) upon plaintiffs' motion, based on the theory that such defense could only be presented by *plea in abatement*.   There was no necessity for pleading in abatement; such defense may be made under the *general issue.—Rainey v. Long*, 9 Ala. 754 ; see also, *Facquire v. Rynaston*, 2 Ld. Raymond, 1249 ; 2 Gray, 288 ; 125 Mass. 365 ; 3 Wendell, 170–172 ; 6 W. & S. 179 ; *Lowe v. Wastman*, (s. c., N. J. Nov. 1885), 21 Reporter, 53.   2. By an express stipulation in the policy of insurance, *fixtures* were excluded, and required to be specially and separately insured. Evidence of damage to awning and shelving was erroneously admitted by the court.—*Thurston v. Ins. Co.* (U. S. Circuit Ct. Dist. N. Hampshire), 17 Feb. Reporter, 127 ; s. c., 16 Reporter, 161 ; s. c., Albany L. J., Dec. 22, 1883 ; *Fore v. Hibbard*, 63 Ala. 410.   3. The policy of insurance expressly provides that the application of the assured shall constitute a part of the contract and a warranty by the assured ; and if there be any false representation or misrepresentation in said application, or *if the interest of the assured in the property be not truly stated*, then the policy to be void.   The assured represented in their

[Commercial Fire Ins. Co. v. Allen et al.]

application that they owned the property in *fee simple;* the proof showed that Mason had purchased the right to use the west wall of the building insured, and also the right to build on top of said building. This was a breach of the warranty of assured's statement that the property was owned *in fee,* and the charge asked by the defendant on that point should have been given.—May on Insurance, §§ 158, 185. See also *Emm. Mut. Ins. Co. v. Jessr.* 1 Met. (Ky.) 523; *Ag. Ins. Co. v. Montague,* 38 Mich. 548; *Ætna Ins. Co. v. Resh,* 40 Mich. 241; *Davenport v. Ins. Co.,* 6 Cush. 340; *Wilbur v. Ins. Co.,* 10 Cush. 446; *Falls v. Ins. Co.,* 7 Allen, 46; *Abbott v. Ins. Co.,* 3 Allen, 213; *Jenkins v. Ins. Co.,* 7 Gray, 370; *Washington Fire Ins. Co.,* 32 Md.; *Wineland v. Ins. Co.,* 53 Md. 276; (s. c., 9 Reporter, 784); *Graham v. Firemen's Ins. Co.,* 87 N. Y. 69; (s. c., 13 Rep. 314); *Savage v. Fire Ins. Co.,* 52 N. Y. 502; *Adema v. LaFayette Ins. Co.,* — La.; s. c., 19 Rep. 493). 4. As to the award. It was expressly agreed by Allen that whatever estimate of damage should be reached by Myers after his inspection of the premises with McKissack, he would be bound by. So that the conclusion reached by Myers was final and conclusive on Allen as a valid award. The court erred in refusing appellant's charges on this point.— *Yeatman v. Mattison,* 59 Ala. 382; *Brewer v. Bain,* 60 Ala. 153; *Burns v. Hendrix,* 54 Ala. 78; *Byrd v. Odom,* 9 Ala. 755. 5. The court erred in refusing to sustain the objection of defendants to the objectionable remarks of counsel of plaintiffs.— *Wolffe v. Minnis,* 74 Ala. 386; *E. Tenn., &c., R. R'd v. Bayliss,* 75 Ala. 466; *E. Tenn., &c., R. R'd v. Carlos,* 77 Ala. 443. 6. The court erred in its rulings on the measure of damages.— *Vance v. Foster,* 1 Inst. Circuit Ct., 51; May on Ins. (2d Ed.) 659; *Ib.* 646.

Robt. A. McClellan, *contra.*—1. The defendant waived the preliminary proof of loss.—May on Ins. 572–574; 33 Ala. 9; Flanders on Ins. 541–7; 71 Ala. 516–527–8. 2. The defendant waived the sixty days allowed for the adjustment of the debt.—Flanders, 532, 542; May on Ins. 574–5; 13 U. S. Dig. 503. 3. The alleged arbitration was not binding. Besides, it was abandoned.—Flanders, 576. May on Ins. 573, 598, 492–4. 4. "The store-house" included the office, shelves, and awning, they being part of and appurtenant to the main structure.—Flanders, 72–4: May on Ins. 519, 420; 4 Wait's Ac. & Def. 69–70; 47 Ala. 387. They were put up with the house and were indispensable to a store, and passed from vendor to vendee. In case of doubt, the construction will be against the insurance company.—May on Ins. 181–3. 5. The *printed* clause in the policy is in conflict with the written parts

of the same ; when this is the case, the latter will prevail. Flanders, 70–72 ; May on Ins. 184–5 ; Wait's Ac. & Def. 21. The *written* description of the premises included these fixtures. The store-house would be incomplete without these fixtures. 6. Mason's interest was but an easement, and did not affect the character of plaintiffs' title. At any rate. the cases making an immaterial answer a warranty have been overruled.—16 Wend. 385 ; 9 How. 390 ; 26 Ill. 360. 7. As to measure of damages, see May on Ins., §§ 323–4.

STONE, C. J.—The present action is founded on a policy, insuring real property against destruction or damage by fire. The property is described in the policy as follows : "Brick one-story, iron-roofed building, * * occupied by S. Tanner & Son, family groceries, and after January 1, 1882, to be occupied by Henry Warten, and used as a family grocery store." The policy bears date December 17, 1881, and insures the property for one year. On the 4th February, 1882, the house was partially injured by the burning of a store contiguous to it, and on the 24th of the same month the present action was instituted. The insurer and the insured were not of one mind as to the extent of the property covered by the insurance. Out of this grew the contention and this lawsuit. Attached to the building at the front was an awning or shed, erected on posts set in the ground, with rafters extending to and into the brick wall, and covered with plank. This awning was constructed by the owners of the building, not contemporaneously with it, but a year later. There were in the building, and attached to it by fastenings, shelving, drawers, and an office at the rear end, fenced off by panel work. All these, such as are customary in a store house, were placed there by the owners, and let with the building. The insured claimed for the damage done to the awning, the shelving, and the office. The Insurance Company resisted this claim, and contended it was liable only for the damage done to the house itself.

Certain questions had been asked of the applicant for insurance, Allen, and answers given, before the policy was issued ; and there is a clause in the policy in the following language : "Special reference is had to assured's application on file in this office, which is their warranty and a part hereof." In the application are the following question and answer : "Is the land on which building stands held in fee simple or on lease ?" Answer, "Fee simple." The third clause of the policy stipulates that "if the interest of the assured in the property be any other than the entire, unconditional and sole ownership of the property, for the use and

[Commercial Fire Ins. Co. v. Allen et al.]

benefit of the assured, or if the building insured stands on leased ground, it must be represented to the company, and so expressed in the written part of this policy, otherwise the policy shall be void." After the building in controversy was erected, the plaintiffs sold the soil contiguous to it on the west to one Mason, and stipulated that in building on the lot so purchased, Mason should make the west wall of the plaintiff's house the east wall of his, inserting his joists into the wall; and Mason's house being a two-story building, it was further stipulated that he should raise the east wall of his building on the said west wall of plaintiffs. This was done, and the property stood in that condition and in that right when the policy was taken out in this case, and when the fire occurred. This, it is contended for appellant, was a misdescription of plaintiffs' title and ownership and avoids the policy.

We do not think this objection well taken. We concur in opinion with the trial court, and hold that the essential purpose of the inquiry was, to learn whether the property was held by a title in fee, or by a title less valuable than a fee; and, whether the property was incumbered by alien interests, liens, or other incumbrances, which lessened the value of the applicant's insurable interest. The easement or servitude previously conveyed or granted to Mason was but carrying into effect the usual method of building in cities and towns by coterminous proprietors. It is shown that Ainsworth, appellant's agent at the time the policy was applied for and issued, resided in the town of Athens, where the property is situated. With him the assured negotiated, and effected the insurance. He was familiar with the premises, and must have known in what manner the houses were connected together, and that the east wall of Mason's upper story rested on the west wall of the house he was insuring. He was the agent of the insurance company, and we have no sympathy with any attempt to transform him into an agent of the applicants, in any service connected with the issue of the policy. With him alone the assured had dealings; and it would be an anomaly if we were to hold he was their agent, and not the agent of the Insurance Company with which they were negotiating. If he did not represent the corporation, it had no representative, and yet agreed to the terms on a solemn contract. Such shifting use of a paid employee, finds no sanction in that sturdy morality which should underlie every system of jurisprudence.—*Piedmont & Arlington Ins. Co. v. Young,* 58 Ala. 476; *Ins. Co. v. Wilkinson,* 13 Wall. 222; *De Laney v. Ins. Co.,* 52 N. H. 581; May on Insurance, § 143; *Rowley v. Empire Ins. Co.,* 36 N. Y. 350. A few cases are variant from this principle.

*Wineland v. Security Ins. Co.*, 53 Md. 276; *Jenkins v. Quincy Mutual Fire Insurance Co.*, 7 Gray, 370. We do not think Allen's failure to disclose the fact and nature of Mason's right or easement impaired or affected the substantial truthfulness of the representation as to title.—*Ætna Ins. Co. v. Tyler*, 16 Wend. 385; *Savage v. Howard Ins. Co.*, 52 N. Y. 502; *Washington Fire Ins. Co. v. Kelly*, 32 Md. 421; *Couch v. Rochester Fire Ins. Co.*, 25 Hun. 469; *Castner v. Farmers' Mut. Fire Ins. Co.*, 46 Mich. 15; *Amer. Cen. Ins. Co. v. McCrea*, 41 Amer. Rep. 647; *Hadley v. Ins. Co.* 55 N. H. 110. We do not question the correctness of the following authorities, nor do we consider they conflict with the views expressed above. In each of them the misdescription was substantial, and materially impaired the nature of the title. *Em. Mut. Ins. Con. v. Jesse*, 1 Met. (Ky.) 523; *Agricultural Ins. Co. v. Montauge*, 38 Mich. 548; *Ætna Ins. Co. v. Resh*, 40 Mich. 241; *Davenport v. N. E. Mut. Fire Ins. Co.* 6 Cush. 340; *Wilber v. Bowclitch Mut. Fire Ins. Co.*, 10 Cush. 446; *Abbott v. Shawmut Mut. Fire Ins. Co.*, 3 Allen, 213; *Falls v. Conway Fire Ins. Co.*, 7 Allen, 46; *Graham v. Fireman's Ins. Co.*, 87 N. Y. 69; *Columbia Ins. Co. v. Lawrence*, 2 Pet. 25; *Same v. Same*, 10 Pet. 507; *Jeffries v. Life Ins. Co.*, 22 Wall. 47; *Ætna Life Ins. Co. v. France*, 91 U. S. 510; *Sun. Mut. Ins. Co. v. Ocean Ins. Co.*, 107 U. S. 485.

We think on the uncontroverted facts shown in this record the Insurance Company waived the production of the preliminary proofs.—May on Insurance, § 469; Flanders on Insurance, 541; *Taylor v. Mer. Fire Ins. Co.*, 9 How. U. S. 390; *Norwich & N. Y. Trans. Co. v. Western Mass. Ins. Co.*, 34 Conn. 561; *Williamsburg City Fire Ins. Co. v. Cary*, 83 Ill. 453; *Ins. Co. v. Corsby*, 60 Miss. 302.

So, we think the delay of sixty days after proof furnished before right of action accrues, was also waived in this case. The Insurance Company denied all liability to pay, except for damage done to the house proper, and offered to pay a specified sum in satisfaction of that admitted liability. This relieved the plaintiffs of the necessity of waiting sixty days before bringing suit.—Flanders on Insurance, 532; *Phillips v. Protection Ins. Co.* 14 Mo. 220; *Norwich & N. Y. Trans. Co. v. Western Mass. Ins. Co.* 34 Conn. 561; *Georgia Home Ins. Co. v. Jacobs*, 56 Tex. 366.

On the two questions last presented the testimony was full and undisputed, and could have been charged upon without hypothesis.—*Carter v. Chambers*; (In MS.) Present Term. The Circuit Court, in ruling on those questions, did not and could not err to the prejudice of appellant.

The policy sued on contains this clause: "Fences and other
37

[Commercial Fire Ins. Co. v. Allen et al.]

yard fixtures, sidewalks, store furniture and fixtures are not covered by insurance on the building, but must be separately and specifically insured." Under this clause it is contended for the Insurance Company that the risk does not cover the awning, the shelving, nor the office. We think it unquestionably clear that under the testimony in this record each of these items must be classed as a fixture.—*Thurston v. Union Ins. Co.*, Albany Law Journal, Vol 28, No. 25, December 22, 1883 ; May on Insurance, § 420 ; 3 Wait Ac. & Def. 376 *et seq.*; *Fore v. Hibbard*, 63 Ala. 410. But the exception does not include all fixtures. It is only "store fixtures" and "yard fixtures," that come within the exception. The awning was not a yard fixture. It was attached to the front of the house, we must suppose for purposes of shade. There was no yard there to which it could be attached or affixed. It was a fixture to the house *as a house*, and in no sense a store fixture—that is, a fixture attached to the store, tributary to its use, as a store. The shelving and office were store fixtures, and were not insured. The awning was a fixture, but a part of the building, and would have passed by a conveyance of the property as a house, and would have descended to the heirs by inheritance. But, as we have said, it was not a "store fixture," and was not excepted from the binding obligation of the insurance policy. Its removal, or demolition would seem to have been justified by the attending circumstances, and if so, the Insurance Company must make good the damage.—4 Wait. Ac. & Def. 67 ; May on Insurance, § 404.

A question was raised on the rule or measure of recovery. The policy provides that "it shall be optional with the company to repair, rebuild, or replace any property lost or damaged, with other of like kind and quality, within a reasonable time, giving notice of the intention so to do within sixty days after receipt of proofs herein required." The Insurance Company expressed no wish or intention to repair the damage in this case, and hence we need not consider this clause, further than to say, if the right to repair be claimed, it will not be a full defense and compensation, unless by the repairs the property is made as serviceable and valuable as it was before the burning. The policy, however, contains the further clause, that "the cash value of property destroyed or damaged by fire shall in no case exceed what would be the cost to the assured at the time of the fire of replacing the same ; and in case of the depreciation of such property from use or otherwise, a suitable deduction from the cash cost of repairing the same shall be made, to ascertain the actual cash value." It would seem there should be no difficulty in interpreting this clause. If by repairs the property can be rendered as valuable as it was before the fire, then the cost of

repairs is the measure of recovery. If property had been destroyed which, from use or otherwise, had become less valuable than when new, then the cost of repairing it, less the percentage of. depreciation of the destroyed article by such use, will determine the extent of the damages. If the property, after being repaired, is not as valuable as it was before the fire, then the cost of repairs, supplemented with the amount of depreciation in value, are the factors for fixing the damages. There was no error in admitting testimony as to damage to the property covered by the policy.

The record affirms it contains all the evidence. It is shown that when the one hundred dollars was tendered, the execution of one or two receipts, each expressing to be in full of certain claims of insurance, was made a condition of its payment. There is no proof that the money was brought into court. Either of these objections was fatal to the defense attempted under the plea of tender.—2 Pars. on Contr. *644–5 ; Code of 1876, § 4698 ; *Daughdrill v. Sweeny*, 41 Ala. 310; *Alexander v. Caldwell*, 61 Ala. 543.

The remarks of counsel in the concluding argument were objectionable, and the court erred in not arresting that line of argument, when thereto requested.— *Wolffe v. Minnis*, 74 Ala. 386 ; *Cross v. The State*, 68 Ala. 476; *E. T. Va. & Ga. R. R. Co. v. Bayliss*, 75 Ala. 466 ; *Same v. Carloss*, 77 Ala. 443.

We consider it unnecessary to comment on what is claimed as an award. Negotiations were conducted afterwards, and it was not insisted on as settling the controversy.

We have now noticed every material error which was raised in the court below. We will not attempt to apply the principles to the numerous exceptions and many assignments of error.

Reversed and remanded.

CLOPTON, J., not sitting.