· CHARLES B. GREEN *vs.* ANSLEY MCCARROLL.

The plea to the bill of discovery was properly treated as a nullity; for it presented a question proper to be made, in an action at law, and showed no reason why a discovery should not be made.

The judgment, in overruling the demurrer to plaintiff's replication, did not prejudice the rights of G., as he could make the same defence under the general issue.

The plea only amounted to the general issue, and was, therefore, properly demurrable.

IN error from the circuit court of Madison county; Hon. Robert C. Perry, judge.

This was an action of assumpsit, instituted in the circuit court of Madison county, on two notes executed by plaintiff in error to defendant in error, dated 1st of May, 1838; and several pleas were filed, and the pleas of the statute of limitations were withdrawn, but four other pleas were filed and relied on. The first was non assumpsit; 2d, that the notes were given for land which was illegally sold; 3d, that the party who sold the land had no right to do so; 4th, the defendant in error had no interest in the notes sued on.

The plaintiff filed a bill of discovery, in which he alleged that "the consideration for said notes was an equity in land sold by said McCarroll and one J. H. Andrews to said Green, with general warranty of title on the part of Andrews." "That he, as administrator of Z. W. Banfield, deceased, sold said equity" in certain lands, (giving the numbers,) in December, 1836, to

Andrews, who then went into possession thereof; that on the 1st of May, 1838, Green purchased the land of said Andrews, and agreed to execute his note, in consideration that McCarroll would give up said Andrews' notes, and join with Andrews in the deed to Green, which he did; that Green went into possession of the land under said purchase and deed, and still remains in possession; that he knows of no person, except Green, by whom he can prove the fact that Green went into possession.

To this bill of discovery Green plead a plea setting forth that about the 12th January, 1849, said McCarroll assigned in writing all his interest in the notes sued on to one McCord; and insisting that as McCarroll had ceased to have any interest in the subject matter of the suit, he had no right to an answer from Green. This plea, on motion of McCarroll's attorney, was ordered to be stricken from the file.

Green then answered, that he did not know that Andrews was ever in possession of the land.; acknowledges that McCarroll sold it as administrator of Banfield; that Andrews purchased at the sale; that he agreed to take Andrews' place in the purchase; and that Andrews and McCarroll joined in a conveyance to him; and that this was the only consideration for the notes sued on; that McCarroll did not conform to the statute in the sale, and that the same was void; that a part of the land is within his inclosure; that he has removed his slaves from the place, and is not cultivating it; that as to his possession at any time, he about two years after the supposed purchase cleared part of the land, and made two crops on it.

It was admitted by the counsel on the trial, that McCarroll, as administrator of Banfield, sold the land; that Banfield had only an equity in it, and that McCarroll did not comply with the statute in making the sale; that twelve or eighteen months, afterwards, McCarroll and Andrews united in a conveyance to Green, on which Green executed the notes, and that McCarroll thereupon surrendered to Andrews the notes which he had given for the land. This deed purports to be a deed from McCarroll, as administrator of Banfield and Andrews, to Green, but is signed by McCarroll in his individual capacity, and contains a covenant of warranty.

On the trial the plaintiff read the notes, the bill of discovery and answer thereto, and the aforesaid deed and admission of counsel. This was all the evidence in the cause; upon which the plaintiff moved the court to instruct the jury, that if they believed that Green purchased the lands from McCarroll and Andrews, and took from them a deed, with warranty of title from them, or either of them, and went into possession, then the law was for the plaintiff.

2. That if Green went into possession of the land under said conveyance, he cannot resist the payment of the purchase-money, without eviction under title paramount, and that he could not, by abandoning possession, defeat a recovery, although there may be a better outstanding title. The defendant objected to these instructions; but they were granted, and the defendant excepted.

The defendant moved the court to instruct the jury, "that if they believe that McCarroll failed to comply with the statute, by giving notice, &c., of the application for an order to sell the land; that the sale was void, and passed no title to Andrews; and that if they further believe, that by an after agreement, McCarroll surrendered to Andrews the notes which he had given on the purchase of the land, and Green gave the notes sued on to McCarroll for the land, and received the conveyance of Andrews and McCarroll, that the deed of conveyance did not confer on him title, nor divest the heirs of Banfield of title, and that such sale from McCarroll to Green was void, and that the consideration of the notes failed." This instruction was refused, and Green excepted.

He also asked the court to instruct the jury, that neither the warranty in the deed, nor the possession of the land by Green, formed in themselves such considerations as authorized a recovery, if the sale was made without notice. These were also refused, and Green excepted.

He also excepted to the order striking from the file his plea to the bill of discovery. A verdict and judgment passed for the plaintiff, upon which Green has brought the cause to this court by writ of error.

*George Calhoun,* for plaintiff in error.

*Lawson,* for defendant in error.

Mr. Justice FISHER delivered the opinion of the court.

This was an action in the circuit court of Madison county, against the plaintiff in error, founded upon his promissory note to the defendant.

The record presents this question: the defendant in error, as administrator of Z. Banfield, deceased, in December, 1836, sold a tract of land, belonging to the intestate, at public sale, to one James H. Andrews, who failed to pay the purchase-money. This contract was, by consent of the parties, cancelled in 1838, and the land sold by the defendant in error and Andrews, and conveyed by a deed of general warranty to the plaintiff in error, who gave, to secure the purchase-money, the note in controversy.

It is admitted that the sale to Andrews was made under an invalid order of the probate court, and the question is therefore presented, whether the case falls within the rule laid down by the court in the case of *Duncan* v. *Lane,* 8 S. &. M. 744. We are of opinion that it does.

As to the question made upon the action of the court, in treating the plea to the bill of discovery as a nullity, we think the judgment correct. The plea presented a question proper to be made in the action at law, and presented no reason why the discovery should not be made.

As to the judgment of the court in overruling the defendant's demurrer to the plaintiff's replication, we are of opinion that the defendant was not prejudiced thereby, as he could make the same defence under the general issue, which was pleaded. The pleas only amounted to the general issue, and were, therefore, bad on demurrer. *Anderson et al.* v. *Patrick et al.* 7 Howard, 346.

Judgment affirmed.