Liverpool, London and Globe Insurance Company *v.* W. B. Sorsby, Use of. L. F. Chiles ;

Hanover Fire Insurance Company *v.* Same,

AND

Home Insurance Company *v.* Same.

1. Practice. *Special plea covered by general issue. Waiver on trial. Appeal.*
   Where a demurrer to a replication to a special plea has been overruled, and the defendant then pleads the general issue, if he neglects upon the trial to make the defence set up in this special plea, it being available under the general issue, he cannot, on appeal from a judgment against him, have the action of the court below in overruling his demurrer reviewed by this court.

2. Insurance. *Proofs of loss by fire. Waiver of objection thereto.*
   Where an insurance company receives from a person, whose property has been insured by it against fire, papers purporting. to be proofs of the loss of the

property by fire, and fails to give the assured notice of any objection to the proofs furnished, such failure is a waiver of all defects therein.

3. SAME. *Defective proofs of loss. Whether objection waived. Case in judgment.*

S. had a stock of goods insured against fire. A loss occurred, and the agent of the insurance company, whose business it was to adjust losses, went promptly to the scene of the fire, inquired into the circumstances of the loss, examined the assured under oath, in pursuance of a provision in the policy, and offered to adjust the loss with S. on certain proposed terms, which he rejected. Afterwards S. sent to the insurance company papers purporting to be proofs of the loss, but they were fatally defective, under the requirements of the policy, and an agent of the company immediately wrote to S., calling his attention to the defects and referring him to the condition of the policy as indicating the proofs required. The assured did nothing further towards perfecting his proofs. *Held,* that the action of the company's adjuster, as above stated, was not a waiver of the defects in the proofs of loss furnished by the assured.

4. SAME. *Proofs of loss. Objection waived.*

Where a fire insurance company receives proofs of the loss of the property insured, and makes no objection to them, but denies its liability on some other ground stated to the assured, it cannot, in a suit upon the policy, avoid liability by the defence that the proofs of loss were insufficient, having waived all defects therein by receiving the proofs without objecting to them, and putting its defence upon another ground.

5. SAME. *Condition in policy. Broken by assured. Whether breach waived. Case in judgment.*

On the 9th of October, 1880, the Home Insurance Company issued to S., a policy of fire insurance containing a condition in these words: "If the assured shall have or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon, this policy shall be void." On the 25th of October, 1880, the Hanover Insurance Company issued to S. a policy on the same property, without his having obtained the consent of the Home Insurance Company indorsed on its policy. The property was destroyed by fire, and the assured sued upon the policy issued by the Home company, and claimed that the requirement of the defendant's consent to other insurance was waived by the fact that when he made his application for insurance he told the company's agent that he intended to take out a policy for a specified amount in some other company, to which the agent consented, and that he afterwards told the agent that he had taken out the policy in the Hanover company, and the agent said it was all right. This agent was not authorized to issue policies nor to alter the terms of those issued by the company, and notice of this fact was conveyed to the assured by the policy itself, as well as by the circumstances attending its issuance. *Held,* that the facts relied upon by the assured do not constitute a waiver of the requirement of the company's consent to other insurance indorsed on its policy, and the taking of the other insurance without such consent avoided the policy sued upon.

APPEAL from the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

W. B. Sorsby, for the use of L. F. Chiles, brought these three several actions against the defendants above named, upon three several policies of insurance issued by the defendants respectively, insuring a stock of goods and merchandise against fire. The pleadings of the several defendants admitted the loss, but set up other defences to the actions, each of which is stated in the opinion of the court. Judgment was rendered against the defendant in each case ; and from each judgment the defendant appealed.

*T. J., & F. A. R. Wharton,* for the appellants.

1. The policy in the case of the Liverpool, London and Globe Insurance Company was the contract between appellant and appellee. The obligations and covenants of each party are therein distinctly defined. There are mutual and dependent covenants. Neither party can call on or require performance by the other of his part of the contract without showing performance or offer to perform his own part. The obligation of the insurance company is to pay the amount of insurance on certain conditions to be performed by the insured. They are conditions precedent. And yet it is contended, that although the papers in this case, denominated " proofs of loss," totally fail, in almost every essential particular, to comply with said condition, there is some rule of " good faith," " fair dealing," or " equity," which required appellant not only to object to receiving them, but to specify wherein they were defective, and give opportunity to appellee to correct the defects, and failing to do so, appellant is barred. By a parity of reasoning it might be contended that the same rule of " good faith " required appellant to make up the " proofs of loss," or assist the appellee in fixing the liability of the company. Surely, no such rule is applied in the construction and enforcement of other contracts. How can it be said that appellant misled, or entrapped, or took advantage of appellee, in not informing him that his

" proofs of loss " were defective, and wherein they were defective, or that good faith required that he should have so informed him, when no information he could have given him on that subject could be more explicit or intelligible than the instruction furnished by the condition of the policy itself. That is a condition precedent, part of the contract, voluntarily assumed by the appellee, who obligated himself to comply with its requirements or forfeit his right to a recovery upon the policy. Mere silence is not enough to infer waiver of defective proofs, where nothing has been said or done to mislead the insured. 16 Pa. St. 9 ; *Southside Fire Ins. Co.* v. *Mueller*, 8 Ins. L. J. 260. Or, where company not bound to speak. 36 Md. 102 ; 17 Iowa, 176 ; 9 Md. 1 ; 38 Pa. St. 130 ; 2 Greenl. on Ev. sect. 406 ; 32 Iowa, 421.

2. The pretended " proofs of loss " in the case of the Hanover Fire Insurance Company were fatally defective. An account of loss and certificate which does not state the nature and value of the interest of the assured, though they state that the entire property was destroyed, and though the value of the property was stated in the application, which was expressly made part of the policy, are insufficient to bind the company, because the parties to .the contract themselves, by an express stipulation made the, rendition of such an account and certificate essential prerequisites to the right to recover any part of the insurance. 2 Gray, 480 ; 2 Greenl. on Ev. sect. 443, note 1 ; 8 Cush. 393 ; Marsh. on Ins. (2d ed.) 807–811. The proof shows that appellant promptly notified Sorsby, on receipt of said pretended " proofs of loss," that they were not in compliance with the condition of the policy, wherein they were not, and referred him to the clause of the policy containing the condition, so that he might furnish other " proofs of loss " in compliance with the requirements of said condition. That condition was plain and simple. By attention to it, such as it was his duty to give, he could not have failed to make up his " proofs of loss " in proper form. " The wayfaring, man, though a fool, need not err therein." It

would have been sufficient on the part of the appellant to notify him that his " proofs were insufficient." It was not the duty of the appellant to make them up for him. Flanders on Fire Ins. 48, 543; 8 Bosw. 495. To constitute a waiver of proofs there must be some official act or declaration of the company during the currency of the time dispensing with it, something from which the assured might reasonably infer that the company did not mean to insist upon it. Mere silence is not enough where the defects of the statement sent are not formal, but so substantial that it cannot be regarded as a statement at all. *Beatty* v. *Lycoming Mut. Ins. Co.*, 66 Pa. St. 9. The court below erred in overruling the demurrer of appellant to the replication of the appellee to the plea in abatement of the appellant. No authority was shown in the declaration upon which the party suing — W. B. Sorsby, or the user, L. F. Chiles — could maintain the action. The indorsement upon the cause of action (the policy) was in evidence. It showed that prior to the institution of the suit said W. B. Sorsby had assigned all his right, title and interest in the policy sued on, and could not therefore maintain an action in his own name, and for his own use, and, *a fortiori*, could not for the use of another, and the declaration failed to show any interest held by said Chiles in said policy, or any authority in him to maintain a suit upon it. Conceding, for the purpose of argument in this case (that of Home Insurance Company), which we deny, that the testimony of Sorsby, on the point of notice to Bracey, correctly states the facts, we say that it wholly fails to establish a waiver in law by appellant of the condition of the policy sued on, in reference to taking out other insurance. This, we maintain, results, first, from the fact that it is an express condition, declared in the face of the policy sued on, " that the managers of the company, at Atlanta, Ga." (who are J. E. Johnston & Co.), are alone authorized to make, change, or grant any privileges under this policy, and any indorsement or agreement varying the contract, made by any agent, or sub-agent, of the company is void. Said policy sued on containing this further provision:

"And it is hereby understood and agreed, by and between the company and the assured, that this policy is made and accepted in reference to the foregoing terms and conditions, and to the classes of hazards and memoranda printed on the back of this policy, which are hereby declared to be a part of this contract, and to be used and resorted to in order to determine the rights and obligations of the parties hereto, in all cases not herein otherwise specially provided for in writing." One of " the foregoing terms and conditions," is that in reference to the taking of other insurance, without notice and consent indorsed in writing, etc. Here, by the express terms of the contract upon which the policy sued on was issued, it is declared that Bracey had no such authority as it is pretended he exercised. Consent of agent " to other insurance," he having no authority to give such consent, or indorse it on policy, will not excuse the assured for not giving notice to the company, and having its consent indorsed on the policy, as required by conditions of the policy. 54 Ind. 270 ; Flanders on Fire Ins. 48 ; 8 Gray, 33 ; 11 Cush. 265. An agent authorized to secure applications, make surveys, and remit to general agents, receive policies and collect premiums, though he is the agent of the company for all purposes touching the insurance up to the time of closing the application, has no power after the policy arrives in his hands to waive any of its conditions. All his functions as agent have ceased, except to receive the premium. 5 Nev. 268; 51 Pa. St. 402, 410 ; 36 Barb. 375 ; 6 Gray, 173 ; 8 Gray, 34 ; 13 Gray, 79 ; 9 Cush. 470 ; 14 N. Y. 421. The stipulation of the policy, as to other insurance, must be strictly observed. 38 Mo. 85. Even if Bracey had been an agent with authority to waive the condition of the policy as to other insurance, parol notice to him of an intention on the part of Sorsby to take other insurance, or that he had taken it, would not bind the company, as the condition requires the consent of the company to be indorsed in writing on the policy. 16 Pet. 495, 510, 511, 512 ; 9 Cush. 470.

*T. J. Wharton,* argued the case orally.

*J. A. Brown,* for the appellee.

1. The original verbal contract for insurance was that the other insurance should be taken. This was a part of the contract, and no waiver was necessary. Sorsby, the evidence shows, would not insure with Bracey until the latter acceded to the terms of the original contract, that' the additional amount should be taken in the other company. The Home and Hanover risks were part of the same verbal contract before the issuance of either policy. The Home declaration contains the common count in *assumpsit*, which is equivalent to trover for the policy waiving the tort. Flanders on Fire Ins. 140 ; 20 Wall. 568 *et seq.*

2. After the fire, each of the companies sent a regular adjuster to Terry, where the fire occurred, for the purpose of discharging its duty in connection therewith ; said adjusters did examine into the loss, and subjected Sorsby to a private examination, under the stipulations of the policies, before a magistrate. They there offered to receive from him a proposition as to the amount of the loss, and they made no objection except to the amount of the loss. The Hanover alone made any other objection, and that was to the magistrate's certificate to the proof of loss. After this, these companies cannot urge the objections as to informal proof or as to additional insurance. If the policy was void, the Home should have sent no adjuster to the fire, and that adjuster should not have examined Sorsby before a magistrate privately, under, and by virtue of, the stipulation of the policy alone. The Home company and its adjuster both treated the policy as valid, and used the policy as a means of entrapping Sorsby into an admission that the loss was overrated. The adjuster reported to the company that he had succeeded in this. But he had not succeeded, he was mistaken ; and discovering this, the company now attempts to show that the policy for which it has been paid and which it has used, is void.

3. Answering the argument on the plea in abatement of appellant's counsel — the declaration is not demurrable — the usee is no party to the suit. The question of the invalid-

ity of the assignment was disposed of under the issues formed, and by failing to rejoin, the appellant waived this. plea as in abatement, which was afterwards tried in bar.

Again, this defence, if good at all is good, upon the ground that the plaintiff has not the legal title. This is matter for a plea in bar, it can even be proved under the general issue. *Lake* v. *Hastings*, 24 Miss. 496. Asserting that the plaintiff has no title is denying the right of action itself, and is a plea in bar. Stephen on Pl. 48, 50. If the plaintiff has no title, how can the plea " give him a better declaration ? " This is Stephen's test. Stephen on Pl. 419, 431, 432, 433 (Rule IV.) Plainly, the matter of this plea is a matter in bar. The plea in abatement was, for this reason, bad. Chitty, commending the same test as Stephen, says if matter in bar conclude in abatement, it is a plea in bar notwithstanding, " for if the plaintiff have no cause of action he can have no better writ." Chitty's Pl. 395, and notes. This is expressly decided in *Green* v. *McCarroll*, 24 Miss. 427, which, even in the form the question arises, is identical with this suit, and directly in point.

*J. A. Brown*, made an oral argument also.

*Robert Shotwell*, on the same side.

It is in evidence that the adjusters all went to Terry together, and the adjusters of the Home and the Hanover were together, and after a full examination offered $10,000 in liquidation of all the policies. It would be nonsense to say that the first intimation that the Home company had of the additional insurance was after their adjuster had jointly, with that of the Hanover, investigated the fire and made such proposition. Then, if the company had notice of the additional insurance, whether consent or assent was indorsed on the policy in writing is wholly immaterial. *Carriage* v. *Insurance Co.*, 40 Ga. 135. But aside from these considerations, I think that the Home is liable on its policy. I take the view that the procurement of the additional insurance of $3,700 was a part of the contract for insurance made by W. B. Sorsby with Bracey, and

as such, binding upon the company.   It was agreed and understood between them at the time that Sorsby was to have further insurance in the Hanover, and it was bad faith in the Home not to have delivered him a policy with such consent ndorsed thereon, and after they received the premium on this contract they are now estopped from denying it.

*Nugent & McWillie,* on the same side.

1. There was a complete waiver of any objection to the proofs of loss, and indeed a complete waiver of the proof of loss by the insurance companies.   Shortly after notice of loss the insurance companies sent their adjusters down to Terry, clothed with full authority to adjust and pay the loss.   These adjusters not only made inquiry, but under the authority of the stipulations in the policies themselves, regarded by them at that time as being binding contracts, actually put the insured through a close private examination before the magistrate, and after the examination offered to pay the insured $10,000 as a full compensation for his loss.   57 Barb. 508 ; *F. & M. Ins. Co.* v. *Chestnut,* 50 Ill. 112 ; *Ins. Co. of N. O.* v. *McDowell,* 50 Ill. 120 ; *I. M. F. Ins. Co.* v. *Archdean,* 82 Ill. 236 ; *Home Ins. and Banking Co.* v. *Meyer,* 93 Ill. 271 ; *McBride* v. *Republic Fire Ins. Co.,* 30 Wis. 562.

2. Sorsby took insurance in the Hanover company after his insurance in the Home, and the same was not indorsed on the policy.   It is hence claimed that this annuls the whole contract of insurance.   The provision in the policy, " other insurance without the consent of the company indorsed thereon, the policy shall be void," only means that the policy shall be voidable, and not that it shall be an absolute nullity upon the procuring of insurance without the consent of the company. *Baer* v. *Phœnix Ins. Co.,* 4 Bush, 242.   The books are full of cases in which this stipulation has been held to be waived by the complaining corporation.   Thus, when the assured, at the request of the company, reduced his insurance and took a policy in another company specified by defendant for the amount of the reduction, but the defendant's agent

fraudulently neglected to indorse consent on the policy when presented, it was held that the company had waived without consent. *John Cobb* v. *Ins. Co. of N. A.*, 11 Kan. 93. So, when the company's agent was notified of other insurance, and raised no objection, the notice was held to have been communicated to the principal, and no dissent being shown, the company was held to have waived the indorsement. *Pelkington* v. *National Ins. Co.*, 55 Mo. 172 ; *Goodall* v. *New England Mut. Fire Ins. Mo.*, 5 Fost. 169 ; *Carroll* v. *Charter Oak Ins. Co.*, 38 Barb. 402 ; *Hayward* v. *National Ins. Co.* 52 Mo. 181 ; *Eureka Ins. Co.* v. *Robinson, Rea & Co.*, 56 Pa. St. 256 ; *Dayton Ins. Co.* v. *Kelly*, 24 Ohio St. 345 ; *Franklin* v. *Atlantic Fire Ins. Co.*, 42 Mo. 456 ; *Northrup* v. *Mississippi Valley Ins. Co.*, 47 Mo. 435 ; *Victe* v. *Germania Ins. Co.*, 26 Iowa, 55. And if the company's agent, at the time of the contract, had knowledge of other insurance it is a waiver of the required indorsement. *Carroll* v. *Charter Oak Ins. Co.*, 38 Barb. 402 (10 Abb. Pr. 166) ; *Pitney* v. *Glenn Falls Ins. Co.*, 65 N. Y. 1 ; *Ætna Ins. Co.* v. *Maginn*, 57 Ill. 342. Indeed, the proof shows that before the policy was issued the insured informed the company's local agent, with whom alone he dealt, that he intended to take out other insurance for $3,700, and the agent consented to the same *Ames* v. *N. Y. Union Ins. Co.*, 14 N. Y. 253 ; *Rothe* v. *City Ins. Co.*, 6 McLean, 324 ; *Clark* v. *Union Mut. F. Ins. Co.* 40 N. H. 338 ; *Hodgkins* v. *Mountjoy Co. Mut. Ins. Co.*, 34 Barb. 213 ; *Plumb* v. *Cattaraugus, etc., Ins. Co.* 18 N. Y. 392 ; *Patton* v. *Merchants & Farmers' etc., Ins. Co.*, 40 N. H. 375. Any act on the part of the insurer or his authorized representative, which can fairly be construed as an intention to dispense with a strict compliance with the terms of the contract, or which excuses on the part of the insured, will usually be regarded as a waiver, and such acts or conduct may be set up to estop the company from alleging the thing waived as a ground of defence. *Blake* v. *Equitable Mut. Ins. Co.*, 12 Gray, 265 ; *N. A. Ins. Co.* v. *Throop*, 22 Mich. 146. Knowl-

edge by the insurer or agent before consummation of the contract will usually be deemed a waiver. *Ætna Live Stock Ins. Co.* v. *Olmsted*, 21 Mich. 286 ; *Rowell* v. *Empire Ins. Co.*, 36 N. Y. 550 ; *Woodbury Savings Bank* v. *Charter Oak Ins. Co.*, 31 Conn. 526 ; 45 Mo. 142 ; 7 R. I. 502 ; 1 Allen, 63. Conduct on the part of the insurers, which implicitly recognizes the validity of a policy is a waiver of the breach, if known. *Frost* v. *Saratoga Mut. Ins. Co.*, 5 Denio, 155 ; *Hale Union Mutual F. Ins. Co.*, 32 N. H. 295 ; *Keenan* v. *Dubuque Fire Ins. Co.*, *Witherall* v. *Marion Ins. Co.*, 49 Me. 200 ; *North Branch Co.* v. *Insurance Co.*, 52 Me. 340, 341 ; *Texas R. & I. Co.* v. *Stone*, 49 Texas, 4 ; *Merchants' Mut. Ins. Co.* v. *Lacroix*, 45 Texas, 138.

*W. L. Nugent*, of counsel for the appellee, argued the case orally.

CAMPBELL, C. J., delivered the opinion of the court.

These three cases were argued and submitted together, and have been thus considered. In each there was a special plea in bar denying the title of both the nominal plaintiff and the usee, because of an alleged transfer by Sorsby of the policy of insurance. This plea was replied to, and the replication was demurred to, and the demurrer was overruled, and the defendant pleaded a general denial of the declaration. As the matter of the special plea was available under the general issue, the appellants were not prejudiced by the overruling of the demurrer to the replication. *Green* v. *McCarroll*, 24 Miss. 427.

On the trial, the appellants did not defend on the ground that the title of the policies was not in the plaintiff, but on other grounds. They cannot now successfully complain of the action on the demurrer to the replication to the special plea.

The Liverpool, London and Globe Insurance Company denied its liability only on the ground of the failure of the insured to furnish it " proofs of loss," as required by the policy.

Its receipt from the insured of what he submitted as proofs of loss, and its failure to notify him of any objection to them, was a waiver of all defects in them.    Wood on Fire Ins. 716.

The defence made on the trial by the Hanover Fire Insurance Company was the failure of the insured to make the required proofs of loss.    The facts are, that on the 18th of January, 1881, the insured forwarded by mail to the general agent of the company, as " proofs of loss," certain papers.    They reached the agent, who promptly wrote to the insured, calling his attention to their insufficiency, and referring him to the conditions of his policy as indicating the proofs required.    The insured did nothing more.    The proofs of loss sent forward by the insured were fatally defective.    It is claimed that the defects were waived by the insurer.

The facts relied on to sustain this claim are that the adjusters of the insurer proceeded to the place of the fire, examined into the circumstances of the loss, examined the insured under oath in pursuance of a provision in the policy, and offered to settle with him on the basis of a loss to the amount of $10,000.    There was nothing in this to dispense with the required proofs of loss, nor did the insured so understand.    He was not misled in any way by what occurred, and did not consider that he was relieved from his obligation to make the proofs of loss which the policy stipulated for.    It was after all this that he prepared and sent forward his proofs of loss, which were pronounced defective by the general agent of the company.    On being notified of this, it devolved on him to make such proofs of loss as the policy required; and having failed to do it, no recovery can be had on the policy. It is not true that investigation of the circumstances of a loss, and an effort to agree with the insured as to the amount of his loss, will of itself constitute a waiver of proofs of loss.    The company is not to be prejudiced in its defence because its agent promptly went to the scene of the fire, and pursued every allowable method of investigation of the loss, and tried ineffectually to come to an understanding with the insured.    This would be to punish for an effort to perform duty.

The Home Insurance Company defended because of insufficient proofs of loss, and because of other insurance without its consent indorsed on its policy. It had waived all objection to the proofs of loss by receiving them without objecting to them, and denying its liability on the other ground of defence stated.

The policy it issued contained a condition in these words, viz. : "If the assured shall have, or shall hereafter make any other insurance on the property hereby insured, or any part thereof, without the consent of the company written hereon * * * this policy shall be void."

The policy issued by this company bears date the ninth day of October, 1880. On the 25th of October, 1880, the Hanover Insurance Company issued to the insured a policy on the same property for $3,700, without the consent of the Home Insurance Company indorsed, as provided. The insured claims that the requirement of this consent was waived by the fact that, when he made his application for insurance by the Home Insurance Company, he told Bracey, the agent, that he intended to take out a policy for $3,700 in some other company, to which Bracey consented ; and that he afterwards told Bracey he had taken out the policy in the Hanover Fire Insurance Company, and Bracey said it was all right.

Bracey was a mere solicitor of risks for the insurers, at Terry, and had no authority, except to forward to the managers at Atlanta, Georgia, applications for risks, for their approval ; and if the risk was taken and a policy was sent to him, to deliver it to the insured and collect the premium. It was not within his real or apparent authority to make contracts for the company. He was not authorized to issue policies, or alter the terms of those issued by the company. His information of Sorsby's purpose to obtain other insurance was not imputable to the company, and his express consent to it did not in any way affect the company. The announcement by Sorsby, of his purpose to obtain other insurance, related to the future. He might or might not do so. It was a proper

assumption that, if he should carry into effect his declared purpose, he would conform to the requirements of the policy of the Home Insurance company. Sorsby knew the sort of agent he was dealing with. The circumstances of the transaction fully admonished him of the limited nature of the power of Bracey as the representative of the company. The policy he obtained from the Hanover Company was issued sixteen days after that issued by the Home. The policy issued by the Home expressly declared that its written consent indorsed thereon was necessary to prevent a forfeiture by other insurance on the same property, and plainly informed the insured that no agent or subagent could vary the contract. It is incredible that Sorsby was misled into the belief that his declaration to Bracey of his purpose to effect other insurance amounted to a waiver of the condition in the policy issued by the Home, and, if he was so misled, it was his misfortune, for there was nothing in the circumstances to produce that effect. The policy issued by the Home Insurance Company was avoided by the subsequent insurance on the same property, without the consent of the insurers.

There is no error in the record of the case of the Liverpool, London and Globe Insurance Company, and the judgment in that case is affirmed. The judgments in the other two cases are reversed, and the cases remanded for a new trial.