## ATKINSON v. THE HAWKEYE INS. CO.

1. **Fire Insurance:** CONTRACT OF INSURANCE: FACTS NOT CONSTITUT-
ING. Plaintiff executed an application to the defendant company for
insurance, and delivered it, with the premium and policy fee, to one who
was only a soliciting agent of defendant, with the understanding that it
should be sent to the defendant for acceptance, and that, if not accepted,
the money should be returned. The application and premium were sent
by the agent, but were never received by the company, and no policy
was issued, and nothing further done. More than two years afterwards
the property was burned. *Held* that the facts did not create a contract
of insurance, and that defendant was not liable for the loss. (Compare
*Walker v. Farmers' Ins Co.*, 51 Iowa, 679, and *Armstrong v. State Ins.
Co.*, 61 Id., 212.)

*Appeal from Fremont District Court.*

SATURDAY, MARCH 12.

THIS is an action upon an alleged contract for the insur-
ance of a dwelling-house against loss or damage by fire.
The cause was submitted to the court below upon the plead-
ings and an agreed statement of facts. The court determined
that the defendant was not liable for the loss, and the plaint-
iff appeals.

*W. H. Wilson* and *W. P. Ferguson*, for appellant.

*Draper & Thornell*, for appellee.

ROTHROCK, J.—The facts essential to a proper determina-
tion of the case are as follows; One Baylor was a soliciting
agent of the defendant at Tabor, in this state. The plaintiff
made a written application to him for insurance upon his
dwelling-house by the defendant company. This application
was made upon one of the printed forms in use by the com-
pany. This printed blank form was as follows:

"Application is made by ———, of ———, county ———,
state of Iowa, for insurance against loss or damage by fire
———, to the Hawkeye Insurance Company, in the sum of

——— dollars, for the term of ——— years from the———
day of ———, 188—, by a policy with the usual conditions
of the company, on the property hereinafter mentioned, viz:
[Here follows a description of the property on which insur-
ance is sought.] The applicant agrees that each of the fore-
going answers, statements and valuations are true, and a
warranty on his part, and that the accepting of this risk, and
the issuing of a policy of insurance thereon by the company,
is to be based solely upon this application;    *    *    *
that no liability of the company shall attach until this appli-
cation has been actually approved by the home office."

Upon making the application, the plaintiff paid to Baylor
the sum of $10.80, premium and policy fee, and Baylor
delivered to the plaintiff a receipt in these words:

"Received of J. H. Atkinson an application for insurance,
by the Hawkeye Insurance Company, of Des Moines, Iowa,
on property to the amount of $500, for the term of five
years from date, with $10.80, and an obligation for ———
due and payable on the ——— day of ———, 188—, pre-
mium and policy fee, subject to the approval of the com-
pany. In case the company decline to issue a policy on said
application, then the obligation and premium received shall
be returned to him by mail or otherwise.

"D. R. BAYLOR, Soliciting Agent."
"*Dated August* 30, 1882.

Baylor, being a soliciting agent only, immediately upon
the receipt by him of the application and premium, deposited
them in the post office, properly directed to the home office
at Des Moines. They were never received by the defendant,
nor any of its officers. The application and receipt were
made and the premium paid upon the thirtieth day of
August, 1882. The dwelling-house of plaintiff was destroyed
by fire on the eighth day of January, 1885. No officer nor
agent of the defendant, except Baylor, had any knowledge
that an application for insurance had been made by plaintiff

until after the building was destroyed. There are other facts in the case which, in the view we take of the rights of the parties, are not necessary to be stated.

Counsel for plaintiff contend that, although Baylor was unauthorized to execute contracts of insurance, yet that the transaction became a contract as soon as the company could have an opportunity to accept the risk, and failed to do so, or return the premium. If the defendant had received the application and premium, and retained the same, and remained silent, it may be that it should be held to have approved the application. But this question is not in the case. The company had no knowledge that any application had been made and premium paid, and no contract can therefore be implied from any neglect to issue the policy founded upon the knowledge of the defendant that such an application had been made. The case is very much like *Walker v. Farmers' Ins. Co.*, 51 Iowa, 679, where it was held that the giving of an application for insurance to an agent of the company authorized to receive applications only, and the execution of a premium note, do not constitute a contract for insurance. In that case the agent of the defendant neglected to forward the application and premium note, and the company had no knowledge of their existence until after the property was destroyed by fire. In this case the agent was not negligent. We think the case is controlled by that above cited, which was followed and approved in *Armstrong v. State Ins. Co.*, 61 Iowa, 212.

AFFIRMED.