### ALBERT PICKETT v. THE GERMAN FIRE INSURANCE COMPANY, OF PEORIA, ILLINOIS.

INSURANCE — *Loss Before Approval of Application.* Where a written application for insurance is made out on one of the regular blanks of an insurance company, which provides that no liability shall attach until the application has been approved by the home office, and the application, together with the premium, is delivered to the insurance agent, and before the application has been approved by the home office the property insured is destroyed by fire, *held*, that the insurance company is not liable for loss occurring before such approval.

*Error from McPherson District Court.*

ACTION to recover upon an application for insurance. To the plaintiff's petition the defendant *Insurance Company* filed a general demurrer, which the court sustained at the August term, 1886. Plaintiff *Pickett* brings this ruling here for review.

*F. G. White*, for plaintiff in error.

*Simpson, Bowker & Travis*, for defendant in error.

Opinion by CLOGSTON, C.: Plaintiff brought this action against the defendant upon an application of insurance made

by him with the agent of the defendant. The application was written upon one of the company's regular blanks, and so much thereof as is material to this inquiry is as follows:

"Application of Albert Pickett, of Canton, county of McPherson, state of Kansas, for insurance against loss or damage by fire, by the German Fire Insurance Company, of Peoria, Illinois, in the sum of $740, for the term of one year from the 27th day of July, 1885."

Here follows the description of the property. At the bottom of the paper, and just above the signature of Albert Pickett, are these words in print:

"No liability of the company shall attach until this application has been actually approved by the home office.
                                        ALBERT PICKETT."

The petition alleged the making of the contract, the payment of the premium of $21 to the agent, and the destruction of the property by fire on the 30th day of July, 1885, proof of loss, and the refusal of the defendant either to issue a policy or pay the loss of the property destroyed. To this petition the defendant demurred, which demurrer was by the court sustained, for the reason that the petition did not state a cause of action, and this ruling is the only matter for review. By the express terms of the application no liability was to attach until the application had been approved at the home office. The petition contains no averment that the application had been approved, or that it had been retained by the defendant for such a period as would raise a presumption of approval. In fact, it showed that the fire occurred within two days after the making of the contract, and doubtless before the application had reached the home office at Peoria, Illinois. Then how can it be contended that a liability is stated in the petition? The plaintiff doubtless thought he was insured from the date of his application, but a careful reading of the application would have informed him to the contrary; and this was true, regardless of the authority of the agent who took this application. If he was a special agent and only had authority to take applications and premiums and forward them

to the home office, then he could bind the defendant only within the scope of his authority. (*Insurance Co. v. Johnson,* 23 Pa. St. 72; *Stockton v. Fireman's Ins. Co.,* 33 La. An. 578.) While, if his authority was general, he might have bound the company by a contract of insurance to take effect at a given date; but in this case, if possessed of that authority, he did not seek to avail himself of it. The contract was to be approved by another, and no liability would be created until so approved. (*Winnesheik Ins. Co. v. Holzgrafe,* 53 Ill. 516; *Walker v. Farmers' Ins. Co.,* 51 Iowa, 679; *Armstrong v. State Ins. Co.,* 61 id. 212; *Atkinson v. Hawkeye Ins. Co.,* 32 N. W. Rep. 371.) The application read, "To insure the property from the 27th day of July, 1885, for one year," and although this statement was contained in the application, it would not change the fact that it must be approved before it would be of any force. The contract, to be binding from the date of the application, must have been a completed contract; one that leaves nothing to be done, nothing to be referred, nothing to be passed upon or determined before it shall take effect. (*Am. Cent. Ins. Co. v. McLanathan,* 11 Kas. 533.) If the agent who made this contract was a general agent, and he had sought thereby to bind the company, he would have completed the contract by issuing a receipt reciting that the property was covered by insurance from the date of the application, or else would have issued a policy direct, without referring the application to the home office for its action. This seems to us to be the rule, that where an agent has power to close up a contract by issuing his receipt or policy, such a contract binds the company from its date, although afterward repudiated by the company; and if loss results between the time of such insurance and its cancellation, the company would be liable.

It is recommended that the ruling of the court below sustaining the demurrer be affirmed.

By the Court: It is so ordered.

All the Justices concurring.