No. 31,229

A. G. MOON, *Appellant*, v. THE CENTRAL STATES FIRE INSURANCE COMPANY, *Appellee*.

(23 P. 2d 444.)

Opinion
filed July 8, 1933.

*Carl Van Riper,* of Dodge City, for the appellant.

*Arnold C. Todd, Julian E. Ralston, Ralph Gore,* all of Wichita, and *W. E. Broadie,* of Kinsley, for the appellee.

The opinion of the court was delivered by

HUTCHISON, J.: This is an action to recover from an insurance company for the damages done to buildings and household goods by a windstorm, where the application for insurance made by plaintiff had been rejected by the company nearly a month before the storm, but the local agent had not notified the plaintiff of its rejection, and the question is, was the property, under these circumstances, insured? The case was tried to the court without a jury and the court sustained the demurrer of defendant to plaintiff's evidence and rendered judgment for defendant for costs, from which ruling the plaintiff appeals.

The appellant claims that he had a right to assume that the policy had been issued and that his property was insured until he was notified to the contrary, and that the making of the application put the insurance in force, whether a policy was issued or not, until he had been notified to the contrary.

Appellant directs our attention to the fact that in several places in the application blank prepared by the company the present tense is used instead of the future, indicating that the application was intended to be in effect from its date and, also, that the period to be covered by the policy, as stated in the application, was to begin on the date of the application. We understand that it is quite usual with fire and windstorm insurance companies to have the policy cover the period beginning with the date of the application rather than the date of the policy, as it is with many life insurance companies to have the protection begin after the applicant passes the medical examination. But the application shows that the whole matter was subject to the approval of the company, and the note given by the applicant for the full amount of the premium left the

number and date of the policy blank, implying a subsequent and different date for the issuance of the policy.

The evidence of the plaintiff as to his failure to inquire of the local agent, Mr. Guthrie, about the approval or rejection of his policy before October 12 (the day after the storm), was as follows:

"At that time I came to town once or twice a week. I came on September 6 and signed the application. I never went to Mr. Guthrie and asked him whether my policy had arrived. I saw him on the street and at the office; I made no inquiry prior to October 12 about the policy; I was in his office once or twice before that, just stopped there, but said nothing to him about the policy at that time."

Appellant strongly urges that the decisions in the following cases cited by appellee are not applicable, because in each of the cases the application contained a statement to the effect that no liability would attach until the application was actually approved by the home office, or until the application was accepted in writing or the policy issued, or the company was satisfied as to the insurability of the applicant aside from the medical examination, viz., *Pickett v. Insurance Co.*, 39 Kan. 697, 18 Pac. 932; *Lamb v. Mechanics Ins. Co.*, 122 Kan. 352, 252 Pac. 213; and *Butterfield v. Springfield Life Ins. Co.*, 128 Kan. 510, 278 Pac. 733. It is true that the provision in each of the applications in the above-named cases is more specific than anything on that subject in the application here under consideration, but the document here involved is denominated an application. The first paragraph begins as follows: "Application of A. G. Moon to The Central States Fire Insurance Co., Wichita, Kansas, for insurance against loss or damage by fire, tornado, cyclone and high wind." The second paragraph, by way of instruction, states, "If insurance on personal property only is applied for . . ." The first part of another paragraph in this instrument is as follows:

"The foregoing is my own agreement and statement . . . and I hereby agree that insurance shall be predicated on such statement, agreement and description, if this application is approved . . ."

Three times subsequently the instrument is referred to as "this application," and after the plaintiff's signature thereto is the word "applicant." Such statements in this document make it plainly and conclusively an application, and nothing more, requiring approval even without such a specific clause as was contained in each of the three above-cited cases. It is a proposition on one side, or the first step in the creation of a contract, requiring an acceptance of some kind to make it a contract.

"The making of an application is, however, merely a step in the creation of a contract. As was said in *Lee v. Guardian Life Insurance Company*, 15 Fed. Cas. 158, the rights of the applicant are not concluded by the making out of the application. When the application is made out and forwarded to the company, it is not yet a contract of insurance. It has then only attained the position of a proposition on one side, which must be accepted on the other. That is to say, until it is accepted by some one having authority to accept the terms proposed, the application is not a contract, but merely a proposal." (1 Cooley's Briefs on Insurance, 2d ed., 573.)

The decisions in the three cases above cited and considered show, we think, in a general way, aside from the special clause in each of the applications for insurance in those cases, that an application is only a proposition to initiate and invite an acceptance and thereby effect the consummation of a contract.

"Where a written application for insurance is made out on one of the regular blanks of an insurance company, which provides that no liability shall attach until the application has been approved by the home office, and the application, together with the premium, is delivered to the insurance agent, and before the application has been approved by the home office the property insured is destroyed by fire, *held*, that the insurance company is not liable for loss occurring before such approval." (*Pickett v. Insurance Co.*, 39 Kan. 697, syl., 18 Pac. 932.)

"The plaintiff was actor. The application constituted his offer to enter into a contract of insurance. He would remain without insurance unless the company manifested its assent. He had as much interest as the company in knowing if there was to be insurance. He appointed the company's agent his agent to receive and keep the policy for him, and he was interested in knowing if that relation came into existence. Throughout a period of nearly three months he had frequent opportunity to ask for the information which the court held it was the duty of the company to volunteer. Had he sought information, he would have learned the facts, and could have procured a policy from the company if it approved the risk, or could have applied for insurance elsewhere; and in the absence of ground of belief induced by the company that his application had been accepted, he was not in position to charge the company with sole responsibility for the fact that his property was uninsured, or indeed, any responsibility." (*Lamb v. Mechanics Ins. Co.*, 122 Kan. 352, 354, 252 Pac. 213.)

"Where an application for a life insurance policy contains a statement as to the proposed policy becoming effective from the date of the medical examination, 'provided the said company in its judgment shall be satisfied as to my insurability on the date of such medical examination, for the amount and on the plan and form applied for,' and where the medical examination is promptly made and the applicant recommended by the medical examiner as a good risk, and such report is mailed to the company but never reaches it, and the company never knew of such medical examination and report and never had an opportunity of exercising its judgment as to the insurability of

the applicant and as to the amount, plan and form of policy applied for until after the death of the applicant, the insurance company is without fault and not guilty of negligence, even if the application was not sent in promptly by the soliciting agent." (*Butterfield v. Springfield Life Ins. Co.*, 128 Kan. 510, syl., 278 Pac. 733.)

The decision in the case of *Boyer v. Hail Insurance Co.*, 86 Kan. 442, 121 Pac. 329, is hardly applicable to the facts in this case, because there the delay was on the part of the agent in sending in the application, and it was approved and policy issued as soon as received at the home office, but the loss was sustained before it was approved.

In the case of *Insurance Co. v. Stone*, 61 Kan. 48, 58 Pac. 986, the delay in approving the application was only to await the remittance of the premium from the general agent, the application being otherwise acceptable, and the company was held liable. This too, we think, is not controlling in the case at bar.

Under the title of Fire Insurance it is said in 26 C. J., at page 54:

"Acceptance of the application in some form being essential to the validity of the contract, mere delay in acceptance of an application made, or failure to notify insured of the rejection of his application, will not, as a general rule, constitute a contract of insurance. So the fact that the agent receiving the application and the accompanying premium does not return them within a reasonable time to the insured will not in itself give rise to a contract on the part of the insurer."

It was held in *More et al. v. N. Y. B. F. Ins. Co.*, 130 N. Y. 537, that the mere failure of a fire insurance company to respond to an application for insurance does not raise an inference that the company had accepted it and insured the risk; that to bind the company there must be actual acceptance, and that silence operates as an assent and creates an estoppel only where it has the effect to mislead. There is no evidence here of anything that would mislead the plaintiff.

In the case of *Dorman v. Connecticut Fire Ins. Co.*, 41 Okla. 509, it was held:

"An unaccepted application for insurance, accompanied by the premium, although retained without notice of objection for five days after its date and until the applicant has suffered the loss against which he desired the insurance, is not a contract of insurance." (Syl. ¶ 3.)

In the case of *Northwestern Mutual Life Ins. Co. v. Neafus*, 145 Ky. 563, it was held:

"An application for insurance is merely a proposal, and does not become a contract between the parties until it has been accepted." (Syl. ¶ 4.)

A recent case is *Cloyd v. Republic Mutual Fire Ins. Co.*, 137 Kan. 869, in which the opinion was handed down after the submission of this case, and in which the insurance company was held liable where an application was rejected only because of a new rule of the company requiring small premiums to be paid in cash instead of partly by note. The agent sent in the application, together with a small check and note for balance of premium. The company acted promptly and returned everything to the agent, stating the only requirement was that the entire premium be paid in cash. This was on October 30, and on December 23 the property was destroyed. In the meantime the check was lost by the agent and he tried to place the insurance with another company, but the receipt given by the agent to the applicant on a blank furnished by the company provided "All to be refunded if policy is not issued." This was the ground upon which the company was held liable. It was there held that by this receipt given by the agent the company agreed to do one of two things: either issue a policy or return the check, note and application. And as it did neither, it was held liable to the applicant.

In the case at bar we have no promise on the part of the company, except the implied one to act promptly, which it did by rejecting the application and returning it to the agent. There was nothing done or said to mislead the plaintiff to believe the application had been accepted. He did not ask the agent, whom he met several times, as to its acceptance or rejection. There was nothing to return as there would have been if all or a part of the premium had been paid in cash.

We conclude that, under the facts and circumstances of the case, the making of the application did not put the insurance in force, to so remain in force until the applicant was notified of its rejection, nor did the applicant have a right to assume the policy had been issued because of his not being notified by the agent to the contrary. We think the evidence was insufficient to support the claim of the plaintiff, and, therefore, the demurrer to his evidence was properly sustained.

The judgment is affirmed.